### DOMMERICH v. GARFUNKEL et al.

#### (City Court of New York, General Term. June 22, 1900.)

1. ACTION FOR PRICE—PLEADING AND PROOF—VARIANCE.
    Where defendants in an action for goods sold and delivered rely on a breach of warranty that the "goods were merchantable and fit to be manufactured into cloaks for ordinary wear," proof of a warranty that the goods were equal to those purchased at a previous time is not admissible.
2. SAME—EVIDENCE—CUSTOM.
    Proof of custom is inadmissible as a defense when not pleaded.

Appeal from trial term.

Action by Louis F. Dommerich against Morris Garfunkel and another. Judgment for plaintiff, and defendants appeal. Affirmed.

See 58 N. Y. Supp. 1006.

Argued before McCARTHY and O'DWYER, JJ.

Henry L. Franklin, for appellants.
Max D. Steuer, for respondent.

McCARTHY, J. The action was commenced to recover $655.62 for goods sold and delivered by the plaintiff to the defendants between the 21st day of September and the 22d day of October, 1897, both days inclusive. The defendants, by their answer, admit all the allegations contained in the complaint, but as a defense and counterclaim they allege "that the said goods mentioned and described in the complaint were sold to the defendants and represented by the plaintiff to be good and merchantable cloths, fit to be manufactured into cloaks for ordinary wear and use, and that defendants, relying on said representations, agreed to purchase, and did purchase, the same from the plaintiff." Then the defendants allege that the goods were not of the kind or quality represented, but that they were of a very much inferior quality, to be manufactured for the purpose mentioned, and that by reason thereof defendants suffered damage to the amount of $975, which they pleaded as an offset or counterclaim.

The sole question, therefore, is, did the defendants prove a cause of action for a breach of warranty against the plaintiff? If they proved such a cause of action, the judgment must be reversed; for the dismissal of the counterclaim and the direction of the verdict in favor of the plaintiff would then be error. If the defendants failed to prove their cause of action for breach of warranty against the plaintiff, the judgment in this case must be affirmed. It will

be observed that the defendants allege that the warranty was made with respect to the goods mentioned and described in the complaint, and those goods were sold between the 21st of September and the 22d day of October, 1897. The warranty pleaded is a specific one, that the "goods were merchantable, and fit to be manufactured into cloaks for ordinary wear."

The warranty attempted to be proved was that the goods were equal to those purchased in the preceding July. While it was perfectly competent to prove such a warranty if it had been pleaded, it was quite incompetent to prove it in the absence of such a plea; hence the offers of proof as to the July goods were properly excluded; so, also, were the offers of proof of custom properly excluded, for under the pleadings and proofs they were immaterial.

The warranty pleaded was not proved, and hence the verdict directed was right, and the judgment entered thereon must be affirmed, with costs.

O'DWYER, J., concurs.